IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DAVID COPELAND,                    )
                                   )
          Plaintiff                )     1:22-CV-00109-RAL
                                   )
     vs.                           )     RICHARD A. LANZILLO
                                   )     Chief United States Magistrate Judge
D. PERRY,  D. OBERLANDER,          )
                                   )     MEMORANDUM OPINION ON
          Defendants               )     DEFENDANTS' MOTION TO DISMISS
                                   )     SECOND AMENDED COMPLAINT
                                   )
                                   )     IN RE: ECF NO. 37
                                   )

 

Plaintiff David Copeland filed this lawsuit alleging that Defendants Superintendent Oberlander and Unit Manager Perry acted with deliberate indifference to his safety when they allow the removal of the safety bars or guardrails from top bunkbeds in his prison. *See, e.g.*, ECF No. 24, pp. 2-3 (Amended Complaint). The Court granted Defendants Oberlander and Perry's motion to dismiss Copeland's Amended Complaint but granted him leave to file a second amended complaint to allege additional facts in support of his claim. *See* ECF Nos. 31 (Memorandum Opinion); 32 (Order). Copeland filed a Second Amendment Complaint ("SAC") (ECF No. 36), and the Defendants have again filed a motion to dismiss (ECF No. 37). Copeland has submitted a response in opposition (ECF No. 40) and the motion is now ready for disposition. For the reasons stated herein, the Defendants' motion will be **GRANTED** and Copeland's SAC will be **DISMISSED**, this time with prejudice.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of a United States Magistrate Judge.

I.      Standard of Decision

Once again, the Court employs the familiar standard of review utilized in deciding motions to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). Courts " 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.' " *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017). That is, complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

Pleadings of pro se litigants, like Copeland, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 Fed Appx. 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

II.    Background

Copeland alleges that while asleep on December 27, 2021, he fell from his top bunk, sustaining injuries to his "head, knee, arm, and elbow." ECF No. 36, ¶ 7. He acknowledges that he received medical treatment, the appropriateness and efficacy of which he does not challenge. *Id.* Copeland contends only that the Defendants "deliberately altered  the design (and construction) [of the bunk beds] in ordering the safety rails removed" from his housing unit. *Id.*, ¶ 10. As he did in the first amended pleading, Copeland again asserts that the Defendants had "personal knowledge" of the dangers of removing the safety rails via "judicial notice of past litigation, personal contact with the plaintiff/inmates and having 'sole' authority to rectify the dangerous condition." *Id.*, ¶ 9. The SAC alleges only an Eighth Amendment claim, arguing that the Defendants were deliberately indifferent to his safety in not placing guardrails on his top bunk bed.

The Defendants argue that Copeland's SAC fails to correct the deficiencies noted by the Court when it dismissed the First Amended Complaint. *See* ECF No. 37. In opposition, Copeland argues the Defendants "deliberately altered the facts of this incident" in violation of the Department of Corrections' Code of Ethics. ECF No. 40, p. 4.

IV.    Discussion and Analysis

The factual allegations of Copeland's SAC do not differ in any material way from those asserted in his Amended Complaint. As such, the factual allegations of the SAC are likewise insufficient to support that any Defendant was deliberately indifferent to Copeland's safety in violation of the Eighth Amendment. First, as this Court previously concluded, the absence of a

3

guardrail on an inmate's top bunkbed, standing alone, does not evidence of deliberate indifference to the inmate's safety in violation of the Eighth Amendment. *See e.g., Glasser v. Shimonis-Kaminski,* 2020 WL 525957, at *3 (D.N.J. Jan. 31, 2020). This is because the absence of such a guardrail does not pose a risk that is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Mikell v. Harry,* 2018 WL 501000, at *4 (M.D. Pa. Jan. 22, 2018) (citing *Brown v. Pastrana,* 446 Fed. Appx. 270, 272 (11th Cir. 2011)); *Patton v. Doran,* 2005 WL 2334367, at *2 (M.D. Pa. Sep. 20, 2005) (holding that an inmate's allegation that prison officials acted with deliberate indifference by failing to install safety rails on top bunks fails to state a claim because the condition did not create a substantial risk of serious harm). *See also See Jones v. County Jail,* 610 Fed. Appx. 167, 168 (3d Cir. 2015); *Copeland v. Perry,* 2023 WL 3177832, at *4 (W.D. Pa. May 1, 2023).

Like Copeland's prior pleading, the SAC alleges no facts to distinguish this case from others where the lack of a guardrail was found not to be an Eighth Amendment violation. For example, the SAC does not allege facts to support that Copeland a medical condition that placed him at an unreasonable risk of a fall and injury from a top bunk and that, despite knowledge of this risk, the Defendants declined to provide guardrails or assignment him to a bottom bunk. The SAC also does not allege facts to support an inference that guardrails were removed from top bunks as a form of punishment or in retaliation for some legally protected conduct. The SAC also includes no allegations of similar incidents of inmates failing from top bunks and sustaining serious injuries during a relevant timeframe. He pleads only that the Defendants had personal knowledge of such a risk from their "personal contact with [Copeland]/inmates." ECF No. 36, ¶ 9. Absent such allegations, a reasonable inference cannot not be drawn from the facts that any

Defendant knew of, and disregarded, the likelihood an inmate would fall from an unguarded top bunk. *See Glasser*, 2020 WL 525957, at *4.

As before, Copeland also pleads that the Defendants had "personal knowledge of the dangerous conditions – through judicial notice of past litigation" and because of their "having sole authority to rectify the dangerous conditions." ECF No. 36, ¶ 9. See also ECF No. 24, ¶ 12 ("Defendants ... had knowledge through repeated complaints and litigation over the years ..."). But these conclusory allegations fail to establish the Defendants' personal knowledge. First, the Court—not the Defendants—takes judicial notice. As noted, reported case law does not support the Court finding as a matter of law that the absence of top bunk guardrails presents an unreasonable risk to inmates. Case law likewise cannot be said to have placed prison officials on notice that the absence of guardrails violated the rights of inmates. Second, Copeland has not pleaded how, when, or where the Defendants had "personal contact" with him; indeed Copeland pleads only that he spoke to "several guards." ECF No. 36, ¶ 8. And third, Copeland's allegation that the Defendants had the "sole authority to rectify the danger conditions," is a claim of supervisory liability. Liability for a failure to supervise is "only available in Section 1983 actions where a supervisor established and maintained a policy, practice, or custom which directly caused [the] constitutional harm ... or participated in violating the plaintiff's rights, directed others to violate them, or, as persons in charge, had knowledge of and acquiesced in their subordinate's violations." *Woods v. Harry*, 2023 WL 8480066, at *15 (M.D. Pa. Dec. 7, 2023). Copeland has not identified a specific policy that either Defendant should have put in place to prevent serious injuries to inmates due to falling from top bunks. The SAC makes vague reference to the Defendants altering the design and construction of Copeland's housing unit during its remodeling from a "gang unit" to a "protective custody" unit. *Id.*, ¶ 10. But no

specific policy regarding the placement or removal of guardrails is identified. As was the case with the Amended Complaint, Copeland's second attempt fails to include factual allegations to support a claim of supervisory liability against either Defendant.

V.    Conclusion

Because Copeland's SAC fails to cure the deficiencies previously identified by the Court in dismissing his Amended Complaint, the Defendants' motion to dismiss the SAC will be granted, this time with prejudice. The Court finds that any further attempt at amendment would be futile. *See Wiley v. McMahon*, 2024 WL 168271, at *1 (W.D. Pa. Jan. 16, 2024) (holding that amendment is futile where "it merely restates the same facts as the [prior pleadings] in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss") (citations omitted).

The Clerk of Court will be directed to close this matter on the Court's docket. An order will issue separately.

DATED this 31st day of January 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

6